George Tilzee, J.
This is an application pursuant to article 78 of the CPLR to review and annul an order of the respondent which denied the petitioners’ application for a hardship increase. On September 11, 1961, the petitioners, owner of a multiple dwelling containing 59 apartments, applied for a building-wide increase on the ground that the building did not yield a 6% return of its valuation. In its application the operating expenses were itemized, the total of which was $59,628.93. Over 15 months later, on December 28, 1962, the application was denied: “ application based on fraudulent bills ”. After a protest was filed, the respondent, on September 25, 1963, affirmed that order. It is averred by petitioners and not denied by the respondent that the alleged fraudulent bills for kitchen cabinets amounted to $102.50
The petitioners had originally applied to the State Administrator for such increase pursuant to subdivision 5 of section 33 of the State Rent and Eviction Regulations. In paragraph c of that regulation, it was mandatory upon the Administrator to grant an increase if the property did not return 6% of the valuation of the property. Section 33.5 of the City Rent, Eviction and Rehabilitation Regulations is substantially similar and contains the same mandatory provision. These regulations were made to implement the provisions of the respective statutes which contained t'he mandatory provisions. (L. 1946, ch. 274, § 4 [Emergency Housing Rent Control Law]; Administrative Code of City of New York, § Y51-5.0, subd. g.)
Thus, if the Administrator finds that the' property is not earning a 6% return, there is no discretion to grant or deny the application, the statute and regulations make it incumbent upon her to order the increase. With respect to the alleged fraudulent item concerning the kitchen cabinets, it appears that it comprises less than 2/10 of 1% of the operating expenses.
The court does not believe that the Administrator should accept every application and determine which items are fraudu *226 lent and which are not and allow increases based on bona fide support. However, in a case such as this where she has culled through 10 schedules, on 17 pages, containing myriad items and has turned up one or two items bearing but a minute relationship to the total amount, the application should not be denied in toto.
The action here imposes a severe penalty on the petitioners which the court may review. (CPLR 7803, subd. 3.)
It appears that the respondent finally determined this matter more than two years after the application was made. During that time and to date, the petitioners have been deprived of the increased rentals to which they were entitled under the statute. It is indicated that such is in excess of $5,000 per year. Such penalty is entirely disproportionate to the misdeed with which the petitioners are charged.
The papers indicate that the respondent had checked all the operating expense items, and had objected to none except the kitchen cabinets. At that time the petitioners were entitled to the mandatory increase and should have been afforded the relief requested.
The respondent relies on Matter of Lucot, Inc. v. Gabel (20 A D 2d 94); Matter of Martine Assoc. (20 A D 2d 566) and Sickles Corner Bldg. Corp. v. Gabel (N. Y. L. J., Dec. 17, 1963, p. 10, col. 3). The first two Appellate Division decisions are readily distinguishable. They were based on section 33.1 of the Rent, Eviction and Rehabilitation Regulations which is similar both under the State ando City rent control administration. Both provide for discretionary increases for increased •services and facilities. However, even in the Lucot case {supra) which was cited with approval in the Martine case {supra), the Appellate Division of this Department pointed out that there are areas in which the Administrator has discretion and others in which she does not. In addition on page 97 that court stated: ‘ ‘ The Administrator having found that substantial portions of the applications were premised on fraudulent documents took proper action in revoking the increases granted in reliance on such documents ”. (Emphasis supplied.) Surely it cannot be said that in the instant matter the court has before it an application in which substantial portions are fraudulent.
With respect to the Sickles opinion {supra) while it is based on the same regulation with which we are concerned, it was apparently decided on the erroneous belief that it was a proceeding under section 31.1 rather than 33.5. This is evidenced by the language of the opinion and the Lucot and Martine cases which were cited in support thereof. In any event the fraudulent *227 bills were of a greater amount and of a greater percentage in relation to the total operating expenses.
Accordingly, the application is granted to the extent that the matter is remanded to the respondent for a determination of the appropriate increase in accordance with this decision.